*E-Filed 07/20/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SERGEY ZHURAVLEV, et al.,<br><br>  Plaintiffs,<br>  v.<br><br>BAC HOME LOANS SERVICING, LP, et al.,<br><br>  Defendants. | No. C 10-2165 RS<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING TO STATE COURT** |

## I. INTRODUCTION

This is a Motion to Dismiss arising from a mortgage loan plaintiffs obtained from defendants. Defendants BAC Home Loans Servicing ("BAC"), U.S. Bank, and Mortgage Electronic Registration Systems, Inc. ("MERS") join the motion. In their Complaint, the Zhuravlevs advance the following five claims: (1) to quiet title; (2) to set aside the Notice of Default and substitution of trustee and assignment of Deed of Trust; (3) fraudulent or negligent misrepresentation and deceitful practices under California Civil Code § 1709; (4) unfair debt collection practices by defendant BAC and MERS in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); and (5) unfair

business practices under Cal. Bus. Prof. Code § 17200. Plaintiffs included a prayer for declaratory and injunctive relief, damages and attorney's fees.

## II. RELEVANT FACTS

On June 6, 2007, the Zhuravlevs obtained a $1,000,000 loan from defendants for the purchase of a home located in Santa Clara County. Plaintiffs signed an Interest Only Adjustable Rate Notice, which was secured by a Deed of Trust on June 13, 2007. Sometime after receiving the loan, Mr. Zhuravlev's business experienced financial hardship, prompting the couple to explore applying for a loan modification in order to secure a lower interest fixed-rate loan. Plaintiffs maintain that while they were in compliance with payment obligations, they asked defendant BAC to consider a short sale of the Subject Property for $1,200,000. Allegedly, a BAC representative informed plaintiff that in order to start the loan modification process, or be considered for a short sale, plaintiffs needed to be delinquent on their mortgage payments by at least ninety days, and submit a letter of hardship to defendants. Plaintiffs claim defendants did not advise them that a ninety day delinquency in mortgage payments would trigger the foreclosure process.

Plaintiffs never successfully modified the loan. On October 7, 2009, defendants recorded a Notice of Default with the Santa Clara County Recorders' office. The Notice states that on September 24, 2009, plaintiffs' account was delinquent in the amount of $74,669. After they received the Notice, plaintiffs approached defendants with an offer to short sell the property, but defendants denied the offer. This lawsuit ensued.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." This mandate does not require "detailed factual allegations," but "demands more than an unadorned, the-defendant-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, dismissal under Rule

NO. C 10-2165 RS
ORDER

2

12(b)(6) is appropriate where a complaint lacks "sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When considering a motion to dismiss, a court accepts a plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This tenet does not apply, however, to bare legal conclusions. *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Even where the plaintiff alleges something more than a bare legal conclusion, *Twombly* requires a statement of a plausible claim for relief. *Id.* at 544. Weighing a claim's plausibility is ordinarily a task well-suited to the district court but, where the well-pleaded facts do not permit the court to infer more than a mere *possibility* of misconduct, the complaint has not shown the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1950.

## IV. DISCUSSION

### A. Unfair Debt Collection Practices Act

BAC and MERS move to dismiss the Zhuravlev's unfair debt collection practices claims, premised on the federal FDCPA. *See* 15 U.S.C. § 1692, *et seq*. Defendants persuasively argue that neither entity operated as a "debt collector" as contemplated by the federal statutory scheme.

The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt. The federal statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition expressly excludes, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(f). Here, plaintiffs allege only that "Countrywide and MERS are acting as debt collectors . . . ." As alleged and consistent with the attached documents, both BAC and MERS were involved in loan origination. That is, they clearly did not obtain any interest after the plaintiffs' default.

No. C 10-2165 RS
ORDER

3

While the Ninth Circuit has not yet answered this precise question, numerous courts—both in this district and beyond—agree that an entity which forecloses on a property pursuant to a deed of trust is not a "debt collector" within the meaning of the FDCPA, so long as it is clear that the entity obtained its interest prior to default. *See, e.g.*, *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) [of the FDCPA] indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Cabellero v. Ocwen Loan Serv.*, No. 09-01021, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009) ("[C]reditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA] . . . ."); *Glover v. Fremont Inv. and Loan*, No. 09-03922, 2009 WL 5114001, at *8 (N.D. Cal. Dec. 18, 2009) (dismissing FDCPA claim as alleged against loan servicer on the ground that a servicer was not a debt collector).[1]  The weight of authority supports defendants' argument that the FDCPA is not applicable here, as neither BAC nor MERS acted as a "debt collector."  This claim must therefore be dismissed without leave to amend.

B.  Declination to Exercise Supplemental Jurisdiction

Plaintiffs' sole federal claim having been dismissed without leave to amend, pursuant to 28 U.S.C. section 1637(c)(3), this Court declines to exercise supplemental jurisdiction over the Zhuravlev's remaining state law claims (to quiet title, to set aside the trustee sale, for fraudulent concealment, for violations of the RFDCPA and for UCL unlawful, fraudulent or unfair business practices).  *See, e.g.*, *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) ("Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and

---

[1] There is also support for defendants' argument that foreclosure pursuant to a deed of trust does not constitute "collection of a debt" within the statutory meaning. *See, e.g.*, *Jozinovich v. JP Morgan Chase Bank, N.A.*, No. 09-03326, 2010 WL 234895, at * 6 (N.D. Cal. Jan. 14, 2010) ("[T]he activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 1193, 1199 (C.D. Cal. 2008); *Ines v. Countrywide Home Loans*, No. 08-1267, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).

federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims . . . .").

## V.  CONCLUSION

The Zhuravlevs have not advanced a colorable claim under the FDCPA and the defendants' motion to dismiss this claim is granted.  Amendment would be futile and this claim is dismissed without leave to amend.  Because the Zhuravlev's remaining claims raise issues of state law, the case is remanded to the Superior Court of California, County of Santa Clara.

IT IS SO ORDERED.

Dated: 07/20/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE